# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SALVATORE J. INFANTINO,** | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION NO. 3:12-2539** |
| **v** | : | |
| | : | **(JUDGE MANNION)** |
| **WEST WYOMING BOROUGH and THOMAS J. ROCCOGRANDI,** | : | |
| **Defendants** | : | |

### **MEMORANDUM**[1]

Presently before the court are two motions to withdraw prior motions. The plaintiff seeks to withdraw prior motions for default and to strike the defendant's motion to dismiss, (Doc. No. 29). The defendant seeks to withdraw a prior motion to dismiss, (Doc. No. 30). The core issue in the relevant motions is whether the Defendant Roccograndi was properly served on December 19, 2012. The court finds that the plaintiff's service was deficient under both the Federal and Pennsylvania Rules of Civil Procedure. The court will grant both motions to withdraw as requested by the parties.

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

## I. BACKGROUND

The plaintiff's complaint alleges that Defendant Roccograndi, a code enforcement officer for West Wyoming Borough, illegally entered and took pictures of the plaintiff's property. (Doc. No. 1). On December 19, 2012, the plaintiff filed a proof of service of the summons, which indicated that an individual named "Maureen" accepted service of process on behalf of West Wyoming Borough. (Doc. No. 3). Defendant West Wyoming Borough subsequently filed a motion to dismiss several of the claims, (Doc. No. 7).

On March 1, 2013, Defendant Roccograndi filed a motion to dismiss for insufficient process and for failure to state a claim, (Doc. No. 13). On the same date, the plaintiff filed a motion for consideration of default against Defendant Roccograndi, (Doc. No. 15), alleging that he had failed to respond to the complaint. The plaintiff also filed a motion to strike the defendant's motion to dismiss, (Doc. No. 16). On March 15, 2013, the plaintiff filed briefs in support of each motion, (Docs. No. 23, 21).[2] Also on March 15, 2013, the defendant filed a brief in support of his motion to dismiss, (Doc. No. 20). On March 27, 2013, the plaintiff filed a brief in opposition to the motion to dismiss, (Doc. No. 26). On March 28, 2013, the defendant filed a brief in opposition to the plaintiff's two pending motions, (Doc. No. 27).

---

[2] The plaintiff also filed a statement of facts in support of his motion for consideration of default, (Doc. No. 24).

2

During a telephone conference held on March 28, 2013 it became clear to the court that service had been properly made on Defendant Roccograndi on March 7, 2013. (Doc. No. 28). Believing the dispute over service to be resolved, the court directed the parties moved to withdraw their pending motions and proceed with agreed upon discovery and trial deadlines. The plaintiff filed a motion to withdraw the motions for default and to strike the defendant's motion to dismiss, (Doc. No. 29). Defendant Roccograndi filed a motion to withdraw his motion to dismiss, (Doc. No. 30). Defendant Roccograndi then filed a new motion to dismiss for failure to state a claim, (Doc. No. 31). The plaintiff filed an answer to the motion to dismiss, (Doc. No. 32), which again contests the issue of service.

## II. DISCUSSION

### *A. Service Upon Defendant Roccograndi*

Let the court be unmistakably clear: the plaintiff failed to properly serve Defendant Roccograndi on December 19, 2012. Any procedural challenges that rely on effective service having occurred on that date cannot succeed. Though the court believed the parties had finally resolved their infighting over the issue and could move forward with the litigation, the court now find itself required to recount the numerous failures in the plaintiff's attempt to serve Defendant Roccograndi so that this case can progress.

3

The plaintiff's answer to Defendant Roccograndi's motion to dismiss, (Doc. No. 32), contends, as the plaintiff's prior briefs had, that Defendant Roccograndi was properly served on December 19, 2012 and that the plaintiff will be prejudiced by the courts recommendation that the parties withdraw their motions. The plaintiff's proof of service indicates that on December 19, 2012, Barbra Rodola, Legal Assistant served the summons to an individual identified only as "Maureen" who indicated that she was designated by law to accept service on behalf of West Wyoming Borough. (Doc. No. 3). The plaintiff offers a recent opinion from the Eastern District of Pennsylvania to support the contention that service at one's place of business is sufficient. *See J&J Sports Prods. v. Castillo*, 2013 WL 943353, *2 (E.D.Pa. March 12, 2013). The plaintiff, however, fails to fully effectuate the operative language of the statutes discussed by the court in that opinion. Rather the plaintiff relies on the language of the Rule 402 of the Pennsylvania Rules of Civil Procedure which states, in part, that service can be effectively executed "… at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof" as definitive evidence that the December 19, 2012 service on "Maureen" was sufficient service of Defendant Roccograndi.

Proper application of the relevant provisions, however, demonstrates that the attempt at service failed under both Pennsylvania and Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 4(e) defines proper service

of an individual within a judicial district of the United States and reads, in pertinent part:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). The plaintiff's December attempt to serve Defendant Roccograndi fails to comply with the 'traditional' methods of service in federal actions outlined in Fed. R. Civ. P. 4(e)(2). The summons and complaint were not delivered personally to Defendant Roccograndi, the summons and complaint were not left at Defendant Roccograndi's abode, nor were the documents delivered to an authorized agent as there is no indication from the proof of service or the record that "Maureen" was Defendant Roccograndi's personally authorized agent.

Under Federal Rule of Civil Procedure 4(e)(1), however, a party may also be served in accordance with state procedures "in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Under Pennsylvania Rule of Civil Procedure 402(a) original process may be served:

> (1) by handing a copy to the defendant; or
> (2) by handing a copy
> > (I) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or
> > (ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or
> > (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa.R.C.P. No. 402(a). The plaintiff relies on the language of the Pa.R.C.P. No. 402(a)(2)(iii), which indeed states that service can be effectively made "at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." The plaintiff's reliance on this language, however, is fatally misplaced for the following reasons.

First, Fed. R. Civ. P. 4(e)(1) requires that service must be proper under the applicable state law. The December attempt at service fails under Pennsylvania law because it was not made by a sheriff. While relying heavily on the language of Pennsylvania Rule of Civil Procedure 402(a)(2)(iii) the plaintiff ignores the requirement of Rule 400 that, except for limited exceptions which do not apply in this case, "original process shall be served within the Commonwealth only by the sheriff." Pa.R.C.P. No. 400. The December

service attempt was made by Barbra Rodola who stated that she was a Legal Assistant. Though such individuals may serve process under the federal rules, they cannot serve process under Pennsylvania rules. For service to be effective under Fed. R. Civ. P. 4(e)(1) it must comport entirely with applicable state service procedures; a party cannot pick and chose individual provisions from the federal and Pennsylvania rules to manufacture proper service.

Second, even if the sheriff had served the papers, courts have consistently found that the language Pennsylvania Rule of Civil Procedure 402(a)(2)(iii) provides for the service of an individual at a place of business in which he or she has a proprietary interest, not for the service of an employee at his place of employment. Pennsylvania courts and federal courts interpreting Pennsylvania law "have routinely interpreted the phrase 'office or usual place of business of the defendant' as referring to a place where the defendant has a 'proprietary interest' and not where the defendant is 'merely an employee.'" *Wadhwa v. Nicholson*, 2009 WL 1119509, \*4 (E.D. Pa. Apr. 24, 2009); *see also Walsh v. SmithKline Beckman*, 1990 WL 149208, \*2 (E.D. Pa. Oct. 2, 1990)(citing *City of Philadelphia v. Campbell*, 32 Pa.Cmwlth. 166, 378 A.2d 1043 (1977); *Philadelphia v. Davis,* 32 Pa.Cmwlth. 34, 373 A.2d 1154 (1977); *Sharp v. Valley Forge Medical Center*, 422 Pa. 124, 221 A.2d 185 (1966)). The plaintiff's pleadings establish that Defendant Roccograndi is a code enforcement officer for West Wyoming Borough. No government

employee has a proprietary interest in his place of employment.

The plaintiff's initial attempt to serve Defendant Roccograndi did not comply with either the methods outlined in Federal Rules of Civil Procedure 4(e)(2) nor the Pennsylvania Rules of Civil Procedure which would have provided effective service under Fed. R. Civ. P. 4(e)(1). The parties do not dispute that Defendant Roccograndi was served on March 7, 2013. (Doc. No. 28). This service occurred within 120 days of the filing of the complaint and therefore complies with Federal Rule of Civil Procedure 4(m). As such, dismissal for failure to serve is not appropriate.

### *B. Defendant Roccograndi's Motion to Dismiss*

The plaintiff's answer also challenges Defendant Roccograndi's filing of a second, modified motion to dismiss, (Doc. No. 31). This challenge, however, relates back to the issue of service as discussed above. Defendant Roccograndi was not properly served until March 7, 2013. Defendant Roccograndi then filed a timely a motion to dismiss on March 28, 2013. Any confusion regarding prior filings is attributable to the plaintiff's improper service and will not serve to bar the defendant's most recent filing, (Doc. No. 31).

The court will render its decision regarding the motion to dismiss filed by Defendant West Wyoming Borough, (Doc. No. 7), and Defendant

Roccograndi, (Doc. No. 31), when the latter is fully briefed and ripe for review.

## III. CONCLUSION

The plaintiff's attempt to serve Defendant Roccograndi on December 19, 2012 was ineffective. The parties will be permitted to withdraw their motions related to the dispute over service. The court will accept Defendant Roccograndi's recently filed motion to dismiss. An appropriate order will follow.

                                                s/ *Malachy E. Mannion*
                                                **MALACHY E. MANNION**
                                                **United States District Judge**

**DATED: April 2, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-2539-01.wpd