# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SALVATORE J. INFANTINO, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:12-2539 |
| | : | |
| v. | : | |
| | : | (JUDGE MANNION) |
| WEST WYOMING BOROUGH and THOMAS J. ROCCOGRANDI, | : | |
| Defendants | : | |

## **MEMORANDUM**

Presently before the court are motions to dismiss filed by Defendant West Wyoming Borough, (Doc. No. 7), and Defendant Thomas J. Roccograndi, (Doc. No. 31). The plaintiff brings his complaint pursuant to 42 U.S.C. §1983 and alleges violations of his constitutional rights related to the search of his property by a code enforcement officer. The plaintiff has failed to plead claims for First, Fifth and Fourteenth Amendment violations and, therefore, those claims will be dismissed. Similarly, the plaintiff's claim of a unreasonable seizure will be dismissed; however, the plaintiff has established a prima facie case of a violation of the Fourth Amendment as the result of an unreasonable search.

## I.    FACTUAL BACKGROUND

The plaintiff alleges that Defendant Roccograndi, a code enforcement officer for Defendant West Wyoming Borough (hereinafter the "Borough"), illegally entered and took pictures of the plaintiff's property. (Doc. No. 1). The

plaintiff alleges that on or about May 31, 2011, Defendant Roccograndi arrived at the plaintiff's residence without notice. (Id. at ¶9). The plaintiff's son notified the plaintiff via telephone and the plaintiff told Defendant Roccograndi not to enter his property. (Id. at ¶10). Defendant Roccograndi allegedly responded "I have authority to do whatever I want" and proceeded to jump over the plaintiff's fence and take pictures of the property. (Id. at ¶¶10-12). Upon reviewing surveillance videotapes of the property, the plaintiff alleges that Defendant Roccograndi also entered the property on a prior occasion without permission. (Id. at ¶14). The plaintiff further alleges that the Borough either directed or allowed Defendant Roccograndi to enter private properties regardless of the owner's consent. (Id. at ¶15).

The plaintiff brings his claims pursuant to 42 U.S.C. §1983 and alleges violations of his First, Fourth, Fifth and Fourteenth Amendment rights. (Id. at ¶6). The plaintiff's complaint contains two formal counts. The first is titled: "Violation of Due Process Rights Unlawful Search and Seizure" and alleges that Defendant Roccograndi "unreasonably searched[ed] Plaintiff's property and seize[d] images of Plaintiff's private property." (Id. at ¶15). The second count alleges that Defendant Roccograndi retaliated against the plaintiff for exercising his First Amendment rights by entering the property after the plaintiff told him not to do so. (Id. at ¶17). The plaintiff also alleges violations of his Fifth Amendment rights but does not offer specific factual support. (Id. at ¶¶2,6).

## II.     PROCEDURAL HISTORY

The plaintiff filed his complaint on December 19, 2012, (Doc. No. 1). On January 9, 2013, the Borough filed its motion to dismiss, (Doc. No. 7), followed by a brief in support, (Doc. No. 8), on January 23, 2013. After an extension of time was granted, the Plaintiff filed a brief in opposition on February 28, 2013, (Doc. No. 11). The Borough filed a brief in reply on March 15, 2013, (Doc. No. 19).

On March 1, 2013, Defendant Roccograndi filed his first motion to dismiss for insufficient process and for failure to state a claim, (Doc. No. 13). On the same date, the plaintiff filed a motion for consideration of default against Defendant Roccograndi, (Doc. No. 15), alleging that he had failed to respond to the complaint. The plaintiff also filed a motion to strike the Defendant Roccograndi's motion to dismiss, (Doc. No. 16). Following a telephone conference held on March 28, 2013 the plaintiff filed a motion to withdraw the motions for default and to strike the defendant's motion to dismiss, (Doc. No. 29), and Defendant Roccograndi filed a motion to withdraw his motion to dismiss, (Doc. No. 30).

Defendant Roccograndi then filed the instant motion to dismiss for failure to state a claim, (Doc. No. 31). On April 11, 2013, Defendant Roccograndi filed a brief in support of the instant motion to dismiss, (Doc. No. 37). On April 24, 2013, the plaintiff filed a brief in opposition, (Doc. No. 38). On May 8, 2013, Defendant Roccograndi filed a brief in reply, (Doc. No. 39).

Therefore, both the motion to dismiss filed by the Borough, (Doc. No.

[7](), and the second motion to dismiss filed by Defendant Roccograndi, (Doc. No. [31]), are fully briefed and ripe for review at this time.

## III. STANDARD OF REVIEW

The defendants' motion to dismiss is brought pursuant to the provisions of [Fed.R.Civ.P. 12(b)(6)]. This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *[Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005)]*, and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *[Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)]* (abrogating "no set of facts" language found in *[Conley v. Gibson, 355 U.S. 41, 45-46 (1957)]*). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *[Twombly, 550 U.S. 544, 127 S. Ct. at 1965]*. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *[Id.]* Furthermore, in order satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *[Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)]* (brackets and quotations marks omitted) (quoting *[Twombly, 550 U.S. 544, 127 S. Ct.]*

4

at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)*; Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## IV. DISCUSSION

The two motions pending before the court share many of the same arguments and, as such, will be treated together to the extent possible. With respect to the First Amendment claim, each defendant argues that the plaintiff did not engage in protected activity on which to base a claim and alternatively that the plaintiff has failed to demonstrate a necessary causal link between the speech and the allegedly retaliatory act. (Doc. No. 8 at 5-7; Doc. No. 37 at 5-9). With respect to the plaintiff's Fourth Amendment claim, each defendant argues that no seizure in fact occurred and the Borough additionally argues that the plaintiff has failed to make out a claim for *Monell* liability. (Doc. No. 8 at 7-9; Doc. No. 37 at 9-10). With respect to the Fifth Amendment claim, the Borough argues that no taking occurred while Defendant Roccograndi's later-filed motion notes that the plaintiff appears to have withdrawn the Fifth Amendment claim in responding to the Borough's motion. (Doc. No. 8 at 9-10; Doc. No. 37 at 10-11). Finally, with respect to the Fourteenth Amendment claim, both defendants argue that no action taken by the defendants would "shock the conscience" and that no claim for a procedural due process violation has been pled. (Doc. No. 8 at 10-12; Doc. No. 37 at 11-13; Doc. No. 39 at 2-3). The court will address each of the claims in turn.

### A. First Amendment Retaliation

The plaintiff alleges that Defendant Roccograndi retaliated against the plaintiff after the plaintiff challenged his authority to enter the property.

6

Specifically, the plaintiff alleges that, "[he] as a citizen spoke out against Defendant Roccograndi violating the law by unlawfully entering a citizen's private property" and that "in retaliation and direct defiance Defendant Roccograndi did as he threatened he would (i.e. 'whatever he wanted') and unlawfully entered Plaintiff's private property." (Doc. No. 1 ¶ 17). To establish a claim for First Amendment retaliation, a plaintiff must demonstrate that he: "(1) engaged in constitutionally protected speech; (2) was subjected to adverse action or deprived of some benefit; and (3) his protected speech was a 'substantial' or 'motivating factor' in the adverse action." *Billman v. Corbett,* 2011 WL 605814 (E.D. Pa. Feb. 15, 2011) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977))). Although the parties argue at length as to whether the plaintiff's reprimand of Defendant Roccograndi's conduct is protected speech, the count finds a far more apparent failure in the causation element of the plaintiff's claim. Regardless of whether the speech is protected, the facts contained in the plaintiff's complaint fail to demonstrate that the plaintiff's verbal resistance to the search brought about the search itself.

The plaintiff argues that the causal relationship is demonstrated by the fact that Defendant Roccograndi entered the property moments after the plaintiff instructed him not to do so. The Third Circuit Court of Appeals has held that a plaintiff can establish the requisite causal connection by proving either: "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism

coupled with timing to establish a causal link." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)(citing *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 503-4 (3d Cir.1997); *Woodson v. Scott Paper Co.*, 109 F.3d 913, 920-21 (3d Cir.1997)). The Third Circuit has cautioned, however, that "[i]t is important to emphasize that it is causation, not temporal proximity itself, that is an element of plaintiff's prima facie case, and temporal proximity merely provides an evidentiary basis from which an inference can be drawn." *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 178 (3d Cir.1997); *see also Marra*, 497 F.3d at 302. Here, the plaintiff relies on this temporal connection between his statement to Defendant Roocograndi and the allegedly illegal search, but ignores the broader time line events which critically undercuts any possible causal inference.

The plaintiff asserts that review of his surveillance tapes revealed that Defendant Roccograndi had entered is property at least once time prior to the May 31, 2011 incident. (Doc. No. 1 at ¶14). The plaintiff also argues that the Borough "directed and/or allowed" Roccograndi to enter and search properties as part of his employment as a code enforcement officer. (Id. at ¶¶3-4,15). In addition, all of the plaintiff's and his son's interactions with Defendant Roccograndi referenced in the complaint focused on Defendant Roccograndi's apparent intention to enter the property, which the plaintiff opposed. (Id. at ¶¶10-11). Although the plaintiff does not make any specific allegations as to the reason Defendant Roccograndi arrived at his property on May 31, 2011, the plaintiff's other allegations support a logical conclusion that

Defendant Roccograndi planned to search the plaintiff's property. The plaintiff has failed to demonstrate that his verbalized disapproval of the search in any way altered Defendant Roccograndi's conduct as it is apparent from the plaintiff's allegations that it was Defendant Roccograndi's job to conduct searches of properties for code violations. In light of the evidence indicating that the Defendant Roccograndi intended to search the property from the outset, the mere temporal relation between the plaintiff's castigation of Defendant Roccograndi and his entrance onto the property is not sufficient to establish a causal relationship. As there is no proof that the plaintiff's speech was a 'substantial' or 'motivating factor' in Defendant Roccograndi's decision to search the property, the plaintiff cannot sustain a First Amendment retaliation claim against either defendant regardless of whether the speech was protected. Therefore the plaintiffs First Amendment claim will be dismissed as to both defendants.

### B. Fourth Amendment

#### i. Search

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures." U.S. Const. amend. IV. The Third Circuit has explained that there are two ways in which government conduct can be considered a search for Fourth Amendment purposes. "First, a Fourth Amendment search occurs when the person invoking its protection can claim a justifiable, a reasonable, or a legitimate expectation of privacy that has been invaded by government

action." *Free Speech Coal., Inc. v. Attorney Gen. of U.S.,* 677 F.3d 519, 543 (3d Cir. 2012)(citing *Smith v. Maryland,* 442 U.S. 735, 740, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979))(internal quotations omitted). "Second, as the Supreme Court's recent decision in *Jones* makes clear, a Fourth Amendment search also occurs where the government unlawfully, physically occupies private property for the purpose of obtaining information." *Id.* (citing *United States v. Jones,* 132 S. Ct. 945, 181 L. Ed. 2d 911 (2012)).

The plaintiff alleges that Defendant Roccograndi jumped over a fence and searched the plaintiff's property. (Doc. No. 1 at ¶11). The plaintiff further alleges that Defendant Roccograndi presented no warrant or other grounds authorizing the search and that the plaintiff did not consent to the search. (Id. at ¶¶10-12). At this stage in the proceeding, the plaintiff has sufficiently alleged that a search occurred as Defendant Roccograndi is alleged to have entered and occupied the plaintiff's property for the purpose of obtaining information. As such, both motions will be denied to the extent that they argue that the plaintiff has failed to establish an unreasonable search claim.

*ii. Seizure*

The plaintiff has not pled sufficient facts to support a claim of unreasonable seizure under the Fourth Amendment. As discussed above, the plaintiff has satisfactorily alleged an unreasonable search; however, the complaint contains no allegation of property seized. The plaintiff alleges both an unreasonable search of the plaintiff's property and a seizure of "images of Plaintiff's private property." (Doc. No. 1 at ¶15). The defendants contend that

10

absent any allegation that Defendant Roccograndi "took possession" of any of the plaintiff's property there has been no seizure. (Doc. No. 37 at 9-10). The court agrees. The plaintiff has put forth no case law to support a Fourth Amendment seizure claim based solely on the "seizure" of images and the court has found no support for the proposition in its own research. In his briefs in opposition to the respective motions to dismiss, however, the plaintiff appears to withdraw these claims when he states that he "has not alleged that Defendant Roccograndi's [sic] 'seized' his property." (Doc. No. 11 at 5; Doc. No. 38 at 11). The court construes the plaintiff's admissions in its briefs to be a withdraw of the Fourth Amendment seizure claim, but would find dismissal to be appropriate were they not withdrawn because there is no allegation that Defendant Roccograndi took possession of the plaintiff's person or property.

### iii. Monell Liability

It is well established that "a municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under §1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 691 (1978); *Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). Therefore, for a municipal defendant "can only be liable when the alleged constitutional violation implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Para v. City of Scranton*, 2008 WL 2705538, *17 (M.D. Pa. July 10, 2008) (citing Monell, 436

U.S. at 694). Moreover, "[t]o establish that a policy is in violation of the constitution, a single incident by a municipal employee is insufficient to establish that an official custom or practice caused the alleged constitutional violation." *Para*, 2008 WL 2705538, at *19 (citing Oklahoma City v. Tuttle, 471 U.S. 808, 822, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)).

The plaintiff has alleged that Defendant Roccograndi did not possess a warrant to search the plaintiff's property but, regardless, believed he had the authority to conduct a search as a code enforcement officer on behalf of the Borough. Moreover, the plaintiff has alleged that the Borough either directed or allowed Defendant Roccograndi to enter the plaintiff's property on or about May 31, 2011 as well as at a earlier point in time. At this stage, the court finds that discovery is necessary to determine what legal authority Defendant Roccograndi had to search the property and whether any Borough policies or practices augmented that authority. As such, the Borough's motion to dismiss will be denied with respect to possible *Monell* liability related to the plaintiff's alleged Fourth Amendment unreasonable search claim.

**C. Fifth Amendment**

At two points in his complaint, the plaintiff alleges violations of the Fifth Amendment. (Doc. No. 1 ¶¶ 2, 6). Nevertheless, his brief in opposition to the Borough's motion to dismiss states that the defendants "argue against a takings claim; however, Plaintiff has not presented such claim, and therefore, the Defendants arguments are misplaced..." (Doc. No. 11 at note 1). The court agrees with both parties that the plaintiff has not raised a Fifth

12

Amendment taking claim. *See Jones v. Philadelphia Police Dep't,* 57 F. App'x 939, 942 (3d Cir. 2003)(finding "invasion" during search sounded in trespass and did not interfere with traditional property ownership so as to implicate eminent domain). To the extent the plaintiff may have sought to bring a due process claim under the Fifth Amendment, such a claim would fail because the defendants are state officials. *See Kelly v. Borough of Sayreville, N.J.,* 107 F.3d 1073, 1076 (3d Cir. 1997) (due process claim against state official is analyzed under the Fourteenth, rather than the Fifth, Amendment); *Jones v. City of Jackson,* 203 F.3d 875, 880 (5th Cir. 2000). As such, all claims arising under the Fifth Amendment against both defendants will be dismissed.

### D. Fourteenth Amendment
#### *I. Substantive Due Process*

The plaintiff argues that Defendant Roccograndi's entry onto the property over the plaintiff's objections violated his right to substantive due process under the Fourteenth Amendment. The court finds that the plaintiff has failed to plead any conduct to support such a claim. "The substantive protections of the Due Process Clause apply in an extremely narrow range of circumstances, when the conduct at issue is so irrational as to 'shock the conscience.'" *Johnston v. Dauphin Borough,* 2006 WL 1410766 (M.D. Pa. May 22, 2006) (citing *United Artists Theatre Circuit, Inc. v. Twp. of Warrington,* 316 F.3d 392, 402 (3d Cir.2003)). Substantive due process protects against "only those activities that have no reasonable relation to

legitimate government objectives." *Id.* As the Third Circuit has stated, "the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 425 (3d Cir. 2006)(quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)).

The conduct alleged in the plaintiff's complaint is simply not so egregious or irrational so as to "shock the conscience." Defendant Roccograndi, whom the parties do not dispute is a code enforcement officer acting on behalf of the Borough, believed he had the authority to inspect the plaintiff's property as part of the duties of his position. The plaintiff has separately alleged that Defendant Roccograndi did not have authority to search the property and, as such, the search violated his rights under the Fourth Amendment. Defendant Roccograndi's search of the property for code violations, even if it is ultimately found to be improper, unquestionably had a legitimate government objective and therefore does not shock the conscience of the court. This legitimate government objective is not eviscerated by Defendant Roccograndi's decision to proceed with his survey over the plaintiff's objection. In sum, the conduct described in the plaintiff's complaint may support a claim for an unreasonable search, at this stage in the proceeding, but the conduct does not fall into the narrow category of cases contemplated by the Substantive Due Process Clause of the Fourteenth Amendment and any such claims will be dismissed.

*ii. Procedural Due Process*

Count I of the plaintiff's complaint brings a combined claim for unlawful search and seizure and violation of his due process rights. Although the plaintiff does not specify whether he is alleging that his substantive or procedural due process rights were violated, the facts alleged sound, if at all, in substantive due process. In a footnote to the defendant's brief in opposition to Defendant Roccograndi's motion to dismiss, the plaintiff first argues that the complaint also contains a procedural due process claim. (Doc. No. 38 at 14, note 1). Defendant Roccograndi argues that plaintiff failed to present facts in the complaint sufficient to notify the defendants of a procedural due process claim and, similarly, that the complaint fails to state a proper procedural due process claim. The court agrees.

To succeed on a procedural due process claim, a plaintiff must establish: "(1) that it was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty and property, and (2) that the procedures available to it did not provide due process of law. *Nat'l Amusements Inc. v. Borough of Palmyra*, 716 F.3d 57, 62 (3d Cir. 2013) (citing *Schmidt v. Creedon*, 639 F.3d 587, 595 (3d Cir.2011)). To support his purported procedural due process claim, the plaintiff offers only the facts related to the alleged search of the plaintiff's property. The plaintiff has failed to plead any facts related to the procedures available or how such procedures violated due process. Therefore, the plaintiff has failed to establish a prima facie case for a violation of procedural

due process.

Finally, the court must note the lack of clarity in the claims presented in the plaintiff's complaint. As discussed above, the plaintiff's briefs in opposition flatly denied raising both the Fifth Amendment claims and the Fourth Amendment seizure claims despite clearly asserting constitutional violations under those provisions in the complaint. The plaintiff also used a footnote in his brief in opposition to raise a procedural due process claim that is in no way supported by the facts of the complaint. Counsel should take care to ensure that claims are neither raised inadvertently nor raised in filings other than the complaint. Such conduct wastes the time and resources of opposing counsel and of this court.

## V. CONCLUSION

In sum, the plaintiff has failed to state claims under the First, Fifth and Fourteenth Amendment. The plaintiff has established a prima facie case for an unreasonable search under the Fourth Amendment with regard to both defendants, but has failed to state a claim for an unreasonable seizure. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: July 31, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-2539-02.wpd